IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHRISTOPHER GREGG, §
§ No. 156, 2019
 Defendant Below, §
 Appellant, §
§ Court Below: Superior Court
 v. § of the State of Delaware
§
STATE OF DELAWARE, §
§ Cr. ID No. N1711001192
 Plaintiff Below, §
 Appellee. §

Submitted: September 11, 2019
Decided: November 14, 2019

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## **ORDER**

This 14th day of November, 2019, having considered the briefs and the record below, it appears to the Court that:

(1) In 2018, a Superior Court jury convicted Christopher Gregg of two counts of second degree arson and one count of third degree arson. On appeal, Gregg claims that the Superior Court erred when it allowed the State to admit Gregg's 2009 arson conviction into evidence at trial. According to Gregg, the prejudicial effect of admitting the 2009 conviction substantially outweighed its probative value. We find, however, that the Superior Court carefully weighed the admissibility of the

2009 arson conviction under the standards in *Getz v. State*[1] and gave the jury a limiting instruction. Thus, we affirm the Superior Court's judgment.

(2) In November 2017, Gregg rented a property with a home and a barn with his daughters, "L.G." and "D.G.," and his fiancée, Debbie Mauthe. On the morning of November 2, 2017, Gregg argued with D.G. because D.G. wanted to live with her grandmother. After D.G. left for school, L.G. saw that her father had ransacked D.G.'s room.

(3) Shortly after Gregg and Mauthe left the house, John Witzke, who was driving home from work past the house, noticed that Gregg's house and barn were on fire and called 911. Witzke also saw personal items scattered on the roof and back yard. Once the fire team suppressed the fire, the fire marshals began investigating. The investigation at the scene led to Gregg's arrest when he returned to his house that morning. The K9 search by the Deputy Chief Fire Marshal and his dog detected accelerant in several areas. The exterior visual search revealed a melted kerosene can by the rear porch door and excessive charring indicating an area that burned longer than other areas. The interior visual search showed pour patterns in the floor joists where an accelerant seeped through the floor to the joists. The investigators sent debris samples for testing.

---

[1] 538 A.2d 726 (Del. 1988).

(4) A grand jury indicted Gregg on December 18, 2017 on two counts of arson in the second degree and one count of arson in the third degree. Gregg went to trial in August 2018. On the third day of trial, Gregg moved to dismiss the charges for a discovery violation. The Superior Court declared a mistrial and a new trial began on December 3, 2018.

(5) At trial, Deputy Hedrick testified that two structures situated approximately thirty yards apart on a clear, windless day are unlikely to ignite simultaneously due to accidental causes. He also ruled out accidental causes such as careless smoking, faulty kerosene heaters, and faulty electrical issues because the indicators pointed to an incendiary fire that was intentionally lit by using an accelerant and an open flame, such as a candle or a match.

(6) Prior to trial, the State filed a motion to admit evidence of Gregg's 2009 guilty plea to arson. The 2009 fire occurred at the home of Gregg's uncle on January 20, 2009, and was an incendiary fire started inside with an open flame and an accelerant. At the time, Gregg was living there with his uncle due to issues with his substance abuse. Gregg argued with his uncle because his uncle changed the locks on the home and believed that his uncle was going to kick him out. Gregg threatened to burn the house down, and, on the same day, the home burned down. Gregg pled guilty to reckless burning and intentionally starting the fire.

(7)     After a hearing, the Superior Court allowed the State to admit the circumstances surrounding the 2009 arson and Gregg's guilty plea.  The court weighed the *Getz* factors and admitted the evidence under Rule 404(b) to prove absence of mistake or accident—that the fire was set intentionally—and, if so, identity—that Gregg set the fire.

(8)     During trial, and before the State introduced the challenged evidence, the Superior Court instructed the jury that they "may use such evidence only to help you in deciding whether the fire in this case was set intentionally; and, if so, whether the defendant was the person who intentionally set that fire."[2]  At the end of trial, the Superior Court gave a similar jury instruction.[3]  The jury convicted Gregg on all charges.

(9)     On appeal, Gregg argues that the Superior Court abused its discretion when it allowed the State to present evidence of the 2009 fire.  Gregg argues that the State did not offer the evidence for a proper purpose because the two incidents were not sufficiently similar, and the risk of unfair prejudice substantially outweighed the probative value because of the likelihood that the jury would find a propensity for Gregg to set the 2017 fire.  We review the admission of evidence under Delaware Rules of Evidence 404(b) for an abuse of discretion.[4]

---

[2] App. to Opening Br. at A056-57.
[3] *Id.* at A130.
[4] *Allen v. State*, 644 A.2d 982, 985 (Del. 1994).

(10) Under Rule 404(b), the Superior Court cannot admit prior crimes to prove a person's character in order to show that on a particular occasion the person acted in accordance with his character. It may, however, admit prior crimes for another purpose, such as proving identity, absence of mistake, or lack of accident.[5] Under *Getz v. State*, the evidence is admissible if: (i) it is material to an issue or ultimate fact in dispute; (ii) it is for a proper purpose under Rule 404(b); (iii) the other crime was proven by plain, clear, and conclusive evidence; (iv) the other crime is not too remote in time from the charged offense; and (v) in accordance with D.R.E. 403, the risk of unfair prejudice from the evidence must not substantially outweigh its probative value.[6] If the court allows the evidence, it should also give the jury a limiting instruction.[7]

(11) Applying the *Getz* factors, the court found first that the issues at trial were whether someone intentionally set the fire, and, if so, whether Gregg set it.[8] The court found that the 2009 fire was material to these disputed issues.[9] Second, the Superior Court found that the 2009 fire evidence was offered for permissible purposes under Rule 404(b) because the State introduced it "for purposes of showing

---

[5] D.R.E. 404(b).
[6] 538 A.2d 726, 734 (Del. 1988).
[7] *Id.*
[8] App. to Opening Br. at A032-33.
[9] *Id.* at A032 (finding that both fires were incendiary, started inside the structures, possible with an open flame, with the use of accelerants, and the contextual events were plausibly similar—e.g. both involved prior arguments with family).

5

identity and absence of mistake or accident in these fires occurring."[10]  Third, the Superior Court found that there was plain, clear, and conclusive evidence because Gregg confessed to reckless burning and intentionally starting the 2009 fire.  Fourth, the Superior Court found that only cases more than ten-years old are too remote.[11]  Because the 2009 fire was only eight years before the 2017 fire, the Superior Court found it was not too remote.

(12)  The Superior Court also acknowledged under Rule 403 that the evidence would appear to cast Gregg in a negative light or might lead the jury to believe Gregg is of a certain character.[12]  But, the court found the evidence to be probative of whether the fire was intentionally set and whether Gregg was the one who set it.[13]  Weighing the probative value and prejudicial effect, the court concluded that the risk of prejudice did not substantially outweigh the probative value.[14]  After deciding to admit the evidence, the court gave a limiting instruction and a specific jury instruction.[15]

---

[10] *Id.*

[11] *Id.*; *see Trowbridge v. State*, 647 A.2d 1076, 1078 (Del. 1994).

[12] *Id.* at A033.

[13] On appeal, the parties look, in part, to the nine factors in *DeShields v. State*, 706 A.2d 502, 506-07 (Del. 1998) (Analyzing Rule 403 under *Getz* by considering nine factors: (i) the extent to which the point to be proved is disputed; (ii) the adequacy of proof of the other crime; (iii) the probative force of the other-crime evidence; (iv) the proponent's need for the other crime-evidence; (v) the availability of less prejudicial proof; (vi) the inflammatory or prejudicial effect of the other-crime evidence; (vii) the similarity of the other crime to the charged offense; (viii) the effectiveness of limiting instruction; and (ix) the extent to which the other-crime evidence would prolong the proceedings.).

[14] App. to Opening Br. at A033.

[15] *Id.* at A130-31.

(13)  After a careful review of the record, we find that the Superior Court carefully analyzed each of the *Getz* factors based on the issues at trial and facts of the case.  The court could reasonably conclude that the factual circumstances of the 2009 and 2017 fires were similar enough for the 2009 fire evidence and Gregg's guilty plea to be highly relevant to the only two issues in the case—whether the fire was intentionally set and whether Gregg set it.  Further, the limiting instruction and jury instruction helped mitigate any prejudice to Gregg.[16]  Thus, the Superior Court did not abuse its discretion when it admitted evidence of the 2009 fire to determine the fire was intentionally set and to identify Gregg as the person who set it.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[16] *State Farm Mut. Auto. Ins. Co. v. Enrique*, 3 A.3d 1099, 2010 WL 3448534, at *3 (Del. Sept. 3, 2010) (TABLE) (the jury is presumed to follow the court's instructions).